

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

March 9, 1948

Reconsideration of Opinion
No. V-419A

Hon. Paul H. Brown
Secretary of State
Austin, Texas

ATTN: Wm. E. Stapp
Chief, Charter Division

Dear Sir:

This Department has carefully considered your request of
December 4, 1947, for a reconsideration of Opinion No. V-419,
together with the briefs submitted by the attorneys for the
United States Trust Company of New York and other similar
corporations.

The entire opinion file, together with the briefs above referred
to, have been carefully considered individually and in conference
by various members of this Department; and in such consideration
the intention of the Legislature and the equities governing the
individual factual situations have been carefully weighed.

It is the view of this Department that prior to the enactment of
the Texas Banking Code of 1943 (Title 16, Chapters 1-9, Arts.
342-101 to 342-911, inclusive, Vernon's Annotated Civil
Statutes), the sole statutory authority concerning the use of
the word "trust" by a corporation in its name, stationery, or
advertising existed by virtue of Art. 491, Revised Civil
Statutes of Texas, 1925, which is in part as follows:

"It shall be unlawful for any incorporated bank other
than State banking corporations and national banks to advertise
or put forth any sign as a bank, bank and trust company or
savings bank, or in any way solicit or receive business as
such or as any such, or to use as their name or part of their
name, or in or upon any sign, advertising, letterhead or
envelope the work 'bank', 'banker,' 'banking,' 'trust,''trust
company,' 'savings bank,' 'savings,' or any other term which
may be confused with the name of corporations organized
under this title. Corporations heretofore organized under the
general laws of this State, and foreign corporations heretofore
or hereafter authorized to do business in this State,
authorized by their charters to use such name or parts of names
as are hereby prohibited, may continue to use the same by
using thereafter the words 'without banking privileges.'
Any corporation violating any provision of this article shall

forfeit its charter, or if a foreign corporation, its permit
to do business within this State. . . ." (Emphasis ours).

It is manifest from a reading of the foregoing statute that
from the time of the passage of this Act in 1905 no domestic
corporation other than State banking corporations and national
banks could be granted a charter in Texas if the corporate
name contained any of the forbidden words named in the statute.
However, it was possible for any foreign corporation, which
was authorized by its charter provisions to use such prohibited
name or part thereof, which had theretofore obtained a permit
to do business in Texas or which might thereafter obtain such
a permit to use the prohibited words as a part of its
corporate name, provided that such name was followed by words
"without banking privileges."

Although this article was a part of the general provisions of
Title 16, Revised Civil Statutes of 1925, which dealt generally
with the subject of banks and banking, nevertheless, it was a
general statute affecting all corporations. Under the pro-
v isions of this law, permits were granted to foreign corpora-
tions which contained the forbidden words in their corporate
names; and it is presumed that the terms of Art. 491 relating
to the use of the words "without banking privileges" were
complied with by such corporations.

However, 1943, when the Forty-eight Legislature enacted the
Texas Banking Code of 1943, it specifically repealed Art. 491,
Revised Civil Statutes of Texas, 1925, by the terms of Article
342-911, V.A.C.S., and enacted in lieu thereof Art. 342-902,
V.A.C.S., quoted in Opinion No. V-419. Here there was a
specific repeal of the only legislative authority for the use
of the f orbidden words in the corporate names of foreign cor-
porations obtaining a permit in this State, and no such
authority then existed for the granting of such permit. In
fact it was specifically forbidden by the provisions of Article
342-902 above referred to.

That this was the intention of the Legislature was further
evidenced by that part of Art. 342-902 which states as follows:

> "This article shall not bar an individual from acting
> in any fiduciary capacity, if he does not hold out to
> the public that he is conducting any branch of the trust
> business." (Emphasis ours)

While it is true that there are many decisions to the effect
that the word "individual" shall be construed to include the
word "corporation" where the context clearly so indicates,
nevertheless, such inclusion is not apparent when Art. 342-902
is read as a whole.

Hon. Paul H. Brown, Page 3, Reconsideration of V-419

In view of the foregoing, we are constrained to adhere to our original Opinion No. V-419.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ C. K. Richards

By
C. K. Richards
Assistant

CKR/JCP/cg